UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH LAWSON (#94415)

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NUMBER 10-199-FJP-SCR

TRANSFER ORDER

Petitioner, Joseph Lawson, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1979 state court conviction and sentence on charges of murder. To support his challenge, the petitioner claims that his commitment order warrant of November 20, 1979 is void, and that his confinement is unconstitutional. Although the petitioner claims that he only recently discovered information supporting his claim for relief, the petitioner made a similar challenge regarding the commitment order in *Joseph Lawson v. Burl Cain*, CV 09-7513 (E.D. La.). The Eastern District of Louisiana transferred the matter to the United States Court of Appeals for the Fifth Circuit to determine whether the petitioner is authorized under 28 U.S.C. § 2244(b) to file the habeas corpus petition in the district court. Petitioner subsequently withdrew his successive § 2254 petition.

Petitioner has filed at least six prior petitions for writ of habeas corpus related to this same conviction and sentence: *Joseph Lawson v. Frank C. Blackburn*, CV 87-633-A (E.D. La.); *Joseph Lawson*

USCA

*v. Burl Cain*, CV 98-245-A (E.D. La.); *Lawson v. State Authorities*, CV 02-3828 (E.D. La.); *Joseph Lawson v. State of Louisiana*, CV 07-1062-A (E.D. La.); *Joseph Lawson v. Burl Cain*, CV 08-1246-A (E.D. La.); and, *Joseph Lawson v. Burl Cain*, CV 09-7513 (E.D. La.).

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said

authorization, this court is without jurisdiction to proceed. Accordingly,

IT IS ORDERED that the petition be construed in part as a motion for authorization for the district court to consider the successive claims raised herein.

IT IS FURTHER ORDERED that the petition be and hereby is transferred to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this district court. *See, In re: Tony Epps*, 127 F.3d 364 (5th Cir. 1997).

Baton Rouge, Louisiana, March ___31___, 2010.

　　　　　　　　　　　　_____
　　　　　　　　　　　　FRANK J. POLOZOLA
　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3